[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
Appellant, William F. Matthews, appeals his conviction and sentence for attempted gross sexual imposition rendered by the Ottawa County Court of Common Pleas on July 22, 1997. Appellant pled guilty to the charge, but now contends his plea was not knowingly and intelligently made because the court failed to inform him that he could be found to be a sexually oriented offender and subject to a post-release registration requirement. He also complains that his twelve month sentence, the maximum sentence possible for a fifth degree felony, is improper absent an express determination that imposing the shortest prison sentence available would demean the seriousness of the offense.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant's first assignment of error is not well-taken. In his written plea agreement, which is part of the record, appellant was specifically informed that he might be deemed a sexual offender and subject to post-release registration requirements. He was again informed of this orally at his sentencing hearing and offered no objection. On this record, we can only conclude that there was substantial compliance with Crim.R. 11 and that there is no evidence that appellant was denied any essential information prior to sentencing.
Appellant's second assignment of error is also not well-taken. R.C. 2929.14(B) requires that the court impose the shortest prison term authorized unless to do so would demean the seriousness of the offense or, alternatively, such a term, "* * * will not adequately protect the public from future crime by the offender or others." Orally, at the sentencing hearing, the trial court found that, for numerous reasons, appellant would, "* * * likely commit further crimes * * *." In its written entry, the court also found that, in this instance, "* * * prison is consistent with the purposes of [R.C. 2929.11.]" This statutory reference is to that portion of the sentencing code which states that the "overriding" purpose of felony sentencing is to punish the offender and, "* * * protect the public from future crime by the offender and others * * *." These findings are sufficient to satisfy the statutory requirement.
On consideration, the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.